Rasmussen, Adm'r, v. The Chicago, Rock Island & Pacific R'y Co.

mortgage. But we do not deem it necessary to determine this fact. The lien of the mortgage, without any question, so far as it existed upon the cattle sold, followed them into the hands of Alexander, and could not be divested by any payment which Alexander could make, short of a payment of the mortgage debt. At the time, then, of this transaction, the defendant's lien upon the cattle appears to have been unimpaired. If these cattle had been sold under some order of court by which the lien of the mortgage became divested, there would be some ground for contending that it was transferred to the proceeds. But a sale of the kind shown could not, we think, have such effect. Whether, if the circumstances were such that the defendant could not follow the cattle, it would have a remedy in equity, we do not determine. The defendant's remedy, so far as he has a remedy at law, is against Saunders, and against the cattle, if it can find them, and possibly against Alexander, if by any wrongful act of his the defendant has been deprived of its security.

We see no error in the ruling of the circuit court, and the judgment must be

AFFIRMED.

---

RASMUSSEN, ADM'R, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

1. **Railroads**: INJURY TO SHOVELER BY FALLING BANK: NEGLIGENCE: LIABILITY. Where plaintiff's intestate had been for a long time engaged with others in removing a bank of earth, by repeatedly undermining the same, so as to bring the earth down from above, and he must have known as well as anyone the danger attending the work, and he made no objection to the method of doing the work, and he was finally killed by the sudden falling of earth upon him, *held* that plaintiff had no ground for recovery on account thereof against the defendant.

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, DECEMBER 5.

THIS is an action to recover damages of the defendant for the death of one Larson, who it was alleged was killed by the falling of a bank of earth at which he was engaged in shoveling dirt. It is alleged that there was mismanagement and negligence in the company in the construction of the side-track, in use at the bank, so close to the bank as to interfere with the escape of the shovelers when the bank caved and fell, and that there was negligence in the manner in which the bank was worked, and that by means of such mismanagement and negligence the deceased was killed, and that the injury was occasioned without fault or negligence on his part. At the conclusion of the introduction of plaintiff's evidence, the defendant filed a motion for the court to direct the jury to return a verdict for the defendant, upon the grounds that there was no evidence showing any of the acts of negligence charged, and that the evidence showed without conflict that the deceased was guilty of contributory negligence, and that he assumed all the risks incident to the service in which he was engaged. The motion was sustained, and a verdict returned for the defendant, upon which judgment was rendered. Plaintiff appeals.

*E. A. Babcock*, for appellant.

*Thos. S. Wright* and *Wright & Baldwin*, for appellee.

ROTHROCK, CH. J.—It appears from the evidence that the deceased had been in the employ of the defendant for about one year. His employment was that of a shoveler in loading and unloading a gravel or dirt train. A switch was laid to a bank of earth near Avoca in the fall of 1879, and the deceased and the crew with which he was connected were engaged from that time until the accident happened in moving earth with an engine and train from the embankment, and depositing it at another point on the road. The work was done by undermining the embankment and allowing the dirt to fall, and then loading it upon the cars with shovels. This undermin-

ing was the mode adopted to bring the earth down. The accident which resulted in decedent's death occurred in January, 1880. On that day, he, with others of the gang, was engaged in undermining the bank, and part of it fell upon him, and he was instantly killed. There is not one word of evidence that he at any time made any objection to the manner in which the work was done. On the contrary, it affirmatively appears that he assisted in creating whatever danger there was in undermining the bank, and he must have seen and known, as clearly as anyone, the results likely to ensue from the work he and others did at the bank. The switch-track was laid near the bank, so that the dirt could be conveniently loaded upon the cars. The evidence does not show that there was any negligence in laying it too close to the bank, or that it could have been properly laid at any greater distance from the bank.

There was no conflict in the evidence, and we think, as matter of law, the plaintiff was not entitled to recover, and that the court correctly directed a verdict to be returned for the defendant.

AFFIRMED.