No. 14,366.

GRIFFIN v. THE OHIO AND MISSISSIPPI RAILWAY COMPANY.

MASTER AND SERVANT.—*Injury to Employee in Gravel Pit.*—*Assumption of Risk.*—Where an employee at work in a gravel pit, while engaged in digging a bed of gravel from under a thin stratum of clay is injured by the falling of the clay, there can be no recovery from the master. The employee in such a case takes upon himself the dangers incident to the work, and is bound to know that when the earth is undermined it will fall in.

From the Dearborn Circuit Court.

*G. M. Roberts* and *C. W. Stapp*, for appellant.

*H. D. McMullen* and *W. R. Johnston*, for appellee.

COFFEY, J.—This was an action by the appellant against the appellee to recover damages on account of a personal injury suffered by the appellant at a gravel pit.

It appears from the complaint that the appellant was employed by the appellee to assist in loading gravel upon its gravel train to be distributed along the line of its road. The bed of gravel in which the appellant was employed to work was nearly twenty feet in thickness, covered by a stratum of clay between four and five feet in thickness. The gravel was loaded upon the cars by means of a large shovel at-

tached to a crane, by which it was scooped from near the base of the bed. The crane not being long enough to scoop all the gravel from its base to the clay on top, that above its reach was gouged and spaded out by means of long picks and spades used by the employees of the appellee. When the gravel was thus picked and spaded out it caused the clay covering the same to cave and fall down. While engaged in excavating the gravel by filling in the sink occasioned by the scoop, after each load, the appellant was injured by the falling of the clay covering such gravel, within three hours after he commenced work.

It is alleged that the appellee did not notify appellant of the danger attending such work by reason of the caving in and falling of the clay covering the gravel, and that he had no knowledge or notice of such danger, and that his injury occurred by reason of the carelessness and negligence of the appellee in not warning him of the danger and how to escape therefrom, and in not warning him of the manner of such excavating and the danger resulting therefrom, and how to detect and escape such danger, and in not having any sufficient means of giving such warning. At the time of the injury the appellant was twenty-one years old.

The court below sustained a demurrer to the complaint, and this ruling is assigned as error.

It has been too long settled to admit now of controversy that when a servant enters upon an employment which is, from its nature, necessarily hazardous, he assumes the usual risks and perils of the service. In such cases it is held that there is an implied contract on the part of the servant to take all the risks fairly incident to the service, and to waive any right of action against the master resulting from such risk. *Atlas Engine Works* v. *Randall*, 100 Ind. 293; *Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151; Beach Cont. Neg., p. 8; *Taylor* v. *Evansville, etc., R. R. Co.,* 121 Ind. 124; *Lake Shore, etc., R. W. Co.* v. *McCormick,* 74 Ind. 440. The master in such cases impliedly agrees not to subject

the servant, through fraud, negligence or malice, to greater risks than those which fairly and properly belong to such particular service.

Where one seeks to recover damages on account of an injury occasioned by the negligence of another, it should, ordinarily, appear that the injured party exercised caution proportioned to the danger likely to be encountered. *Lake Shore, etc., R. W. Co.* v. *Pinchin,* 112 Ind. 592 ; *Pittsburgh, etc., R. W. Co.* v. *Martin,* 82 Ind. 476 ; *Cones* v. *Cincinnati, etc., R. W. Co.,* 114 Ind. 328 ; *Cincinnati, etc., R. R. Co.* v. *Butler,* 103 Ind. 31.

Where the danger is alike open to the observation of all, both the master and servant are upon an equality ; and the master is not liable for an injury resulting from the dangers of the business. *Porter* v. *Hannibal, etc., R. R. Co.,* 71 Mo. 66 ; *Beach Cont.* Negligence, 140 ; *Vincennes, etc., Co.* v. *White, post,* p. 376.

In this case the appellant was engaged in digging a twenty-foot bed of gravel, from under a thin stratum of common earth. He was bound to know that when the earth was undermined it would cave and fall in, and that if he was under it at the time it fell it would fall upon him.

We are bound to take notice of the law of gravitation, and to know that a heavy object will not remain up in space without some support.

The averments in the complaint that appellant did not know, and could not have known, that the earth covering the gravel would fall when undermined, can not prevail against the well-known laws of nature. The appellant was bound to use the faculties with which he was endowed, and had he done so he would have known that at some time in the process of undermining the earth it would fall and endanger his personal safety. This case is one where the appellant took upon himself the dangers incident to the business in which he was engaged, and being an adult the rules applicable to the employment of infants of tender years have

no application. In our opinion the appellant was not entitled to recover under the facts stated in his complaint, and the court did not err in its ruling on the demurrer to the complaint.

