No. 16,092.

SWANSON v. THE CITY OF LAFAYETTE.

MASTER AND SERVANT.—*Assumption of Risks Incident to Service.—Obvious Danger.—Gravel Pit.*—Where a servant enters upon an employment which is, from its nature, necessarily hazardous, he assumes all the usual risks and perils incident to the service; and where the danger is alike open to the observation of all, both the master and servant are upon an equality, and the master is not liable for an injury resulting from the dangers incident to the business. A servant employed to mine gravel in a pit assumes the risks incident to the falling in of the embankment of sand and gravel during the process of mining, the condition of the pit being alike open to all.

From the Tippecanoe Circuit Court.

*T. A. Stuart, J. R. Coffroth* and *W. R. Coffroth,* for appellant.

*J. F. McHugh, S. P. Baird* and *W. D. Wallace,* for appellee.

COFFEY, C. J.—This was an action commenced in the Tippecanoe Circuit Court, by the appellant, against the appellee, for the recovery of damages on account of a personal injury.

The complaint consists of two paragraphs. So much of the first paragraph as is material to the legal question involved in the case, alleges, substantially, that, on the 23d day of July, 1888, the appellee was engaged in hauling sand and gravel by means of horses and wagons, from a gravel pit; that the pit had theretofore been worked, and a large quantity of sand and gravel removed therefrom, by the appellee, so that an embankment, on the east side, existed, which was of the height and depth of fourteen feet from top to bottom; that the embankment was nearly perpendicular, and

had on the top thereof a large quantity of earth; that the embankment was composed of sand and gravel, with earth on its top, which was liable to fall in large quantities and overwhelm any person who might be in said pit, and was very dangerous to any laborer employed therein in removing sand and gravel, all of which facts appellee knew, or by the exercise of reasonable diligence, might have known; that, on the day above named, the appellee employed the appellant as a common laborer to work in the pit to assist in the removal of sand and gravel therefrom, and set him to work at the foot of the embankment to shovel sand and gravel into the wagons; that at the time, and for several months prior thereto, the appellee had in its employment one Thomas Keefe, whose duty it was to set its laborers to work, and to superintend them in the gravel pit, and to give them warning of any immediate or threatened danger; that Keefe set the appellant to work in the gravel pit and soon thereafter absented himself, leaving no person in his place to warn the appellant of any threatened or immediate danger while at work; that the appellant was ignorant of the dangerous character of the work, and of the dangerous character and condition of the embankment, of its liability to fall and crush him while engaged at work, and relying on Keefe to give him warning of any and all dangers, undertook to perform the work for which he was employed, without any notice or warning from the appellee of the danger, and without any caution as to the same; that while he was thus employed, and while exercising due care and caution, and without any fault or negligence on his part, and while Keefe was absent, the embankment fell on him, causing permanent injuries.

The second paragraph of the complaint contains all the allegations found in the first paragraph, and in addition thereto it alleges that Keefe was an habitual drunk-

ard, unreliable, unsafe, and unfit for the position he occupied, which fact was well known to the appellee many months prior to the injuries of the appellant, as set forth in the complaint.

The court sustained a demurrer to each paragraph of the complaint, and this ruling is assigned by the appellant as error.

The only question for our consideration relates to the propriety of this action of the circuit court.

Where a servant enters upon an employment which is, from its nature, necessarily hazardous, he assumes all the usual risks and perils incident to the service. In such case it is settled that there is an implied contract on the part of such servant to waive any right of action against the master on account of an injury resulting from the risks necessarily incident to the service upon which he enters.

Where the danger is alike open to the observation of all, both the master and the servant are upon an equality, and the master is not liable for an injury resulting from the dangers incident to the business. *Vincennes, etc., Co. v. White*, 124 Ind. 376; *Griffin v. Ohio, etc., R. W. Co.*, 124 Ind. 326; *Rasmussen, Admr., v. Chicago, etc., R. W. Co.* (Iowa), 21 N. W. Rep. 583; *Pederson v. City of Rushford* (Minn.), 42 N. W. Rep. 1063; *Olson v. McMullen* (Minn.), 24 N.W. Rep. 318; *Anderson v. Winston*, 31 Fed. Rep. 528; *Naylor v. Chicago, etc., R. W. Co.*, 53 Wis. 661.

The condition of the gravel pit mentioned in the complaint was open alike to the appellant and the officers of the appellee. The liability of the embankment of sand and gravel to fall during the process of mining out gravel and sand was, we think, one of the risks incident to the service in which the appellant was engaged.

For these reasons, the court did not err in sustaining a demurrer to the complaint.

Judgment affirmed.

Filed April 18, 1893; petition for a rehearing overruled June 6, 1893.