## The Bedford Quarries Company *v.* Thomas.

[No. 3,640. Filed May 13, 1902.]

TRIAL.—*Verdict.*—*Special Findings.*—*Conflict.*—Plaintiff who was at work in a stone sawmill was ordered by defendant's foreman to go to another part of the mill and mark a stone. While passing a block of stone that was being sawed, a slab therefrom fell upon him, and injured him. The special findings show that he did not look to see if the stone was being sawed, nor to see if the slab was propped or secured, and that he was at a place when injured not intended for persons to stand or walk in, there being another passage near intended for such purpose that was safe. *Held,* that the special findings are in irreconcilable conflict with a general verdict for plaintiff.

From Lawrence Circuit Court; *W. H. Martin,* Judge.

Action by Henry Thomas against the Bedford Quarries Company for damages for personal injuries. From a judgment for plaintiff, defendant appeals. *Reversed.*

*F. M. Trissal, T. J. Brooks* and *W. F. Brooks,* for appellant.

*J. R. East, R. H. East* and *McHenry Owen,* for appellee.

COMSTOCK, C. J.—Action for personal injuries received by appellee while in the employ of appellant at its stone saw-mill. In substance, the complaint avers that appellant failed to supply appellee with a safe place to work; that appellee was employed in "doing things required of him" at the quarries, mill, and mill-yard of appellant, but mainly "in marking stone blocks for scabblers, sawyers, and saws." In appellant's stone sawmill there was a large block of stone under one of the saws, being sawed by a wire saw. The stone was covered with several inches of snow. The saw consisted of a wire cable which was run through the stone by means of machinery. The wire made a small saw line of only about one-fourth of an inch. There had been a slab or "rough back" sawed nearly off this block, but the slab still adhered to the block. The piece, commonly called rough back, was about four inches thick. The block was about ten feet long, about four feet high, and three and one-half feet thick. The block and the piece nearly sawed off appeared to be of one solid block of stone,—of which said conditions appellant had full knowledge, but of which appellee had no knowledge, and he could not discern but what it was one continuous block of stone. The slab was not propped or stayed in any manner whatever. Appellant knew that it was likely to topple over at any time. Appellee had not been near the place for some time. With knowledge of these facts, defendant's foreman ordered appellee to leave a place where he was marking stones, and go into the mill and mark a stone. His duty took him too near the aforesaid dangerous stone and dangerous place, and while so engaged in his duties said four inch slab of stone toppled over upon the appellee, injuring him. Appellee had no warning that the place was dangerous, and that said stone was liable to fall over on him. A trial resulted in a verdict and judgment in favor of appellee for $900.

For a reversal of the judgment appellant relies (1) upon the action of the trial court in overruling its motion for

judgment on the answers to interrogatories returned by the jury with the general verdict; and (2) upon the overruling of its motion for a new trial.

The facts specially found are as follows: At the time of his injury plaintiff was standing within two feet of the stone that fell on him. He knew that the stone from which the slab fell was in its then location for the purpose of being sawed off. He knew that, if the slab was sawed off of the stone, it was likely to fall if not propped or secured. He did not look to see if the stone was being sawed, nor to see if the slab was propped or secured. The stone that fell upon plaintiff, when it fell, reached about three and one half feet from the stone from which it was sawed. Plaintiff, at the time of his injury, was standing in a five foot space between the wires. Said space was not intended nor provided for persons to stand or walk in. The ends of the five foot space were closed. There was a nine foot space adjacent to the five foot space, and accessible to plaintiff, which was provided and intended for persons to stand or walk in. The nine foot space was a safe place for plaintiff to stand or walk in. Had he been in said space, he would have escaped injury. The ends of the nine foot space were open so that it was accessible. Plaintiff's duty required him to stand where he was standing at the time of his injury. There was nothing to prevent him from seeing that the slab was not secured or propped, had he looked. The slab had been left unsecured by Robert Massingall, who was working for the same employer, in the same mill, and in the same general employment as plaintiff. Plaintiff had worked about stone mills and quarries for eight or nine years before his injuries. He had been in defendant's mill, where the accident occurred, frequently for about ten months before the accident. He knew how the mill was operated and all about the conduct of the work. The plaintiff, by the use of ordinary care and prudence, could have se-

lected and had his own choice of a safe place to have been at the time of his injury, had he known of the danger.

An employer is not required to follow his employe throughout the details of his work to see that he does not expose himself to obvious danger. It is incumbent upon the employe to use his natural senses, and he is held to see the danger which ordinary diligence would discover. He assumes the ordinary risks incident to his employment, so far as they are known to him, or could be ascertained by the use of ordinary care. *Louisville, etc., R. Co.* v. *Sandford,* 117 Ind. 265; *Cincinnati, etc., R. Co.* v. *Madden,* 134 Ind. 462, 471; *Mielke* v. *Chicago, etc., R. Co.,* 103 Wis. 1, 79 N. W. 22, 74 Am. St. 834; *Louisville, etc., R. Co.* v. *Hanning,* 131 Ind. 528, 532, 31 Am. St. 443. Where a danger is alike open to the observation of the employer and the employe, then they are upon an equality, and the former is not liable for injuries resulting to the latter from the ordinary dangers of the business. *Diamond Plate Glass Co.* v. *DeHority,* 143 Ind. 381; *Griffin* v. *Ohio, etc., R. Co.,* 124 Ind. 326; *Day* v. *Cleveland, etc., R. Co.,* 137 Ind. 206.

Under the facts specially found, appellee was bound to know that the stone in question was not propped; a single glance would have so informed him. He was bound to know that the stone was being sawed, because this was apparent to the most casual observer. By the use of ordinary care he could, of his own choice, have selected a safe place, instead of the dangerous one in which he received his injury. Appellee's misfortune was manifestly due to that indifference which comes from familiarity with danger. Appellant's liability is not shown upon any theory. Eliminating from the special findings of facts the conclusions, there is an irreconcilable conflict between the general verdict and the facts specially found, and the special findings must control. Because of this conflict, the consideration of other questions discussed by counsel is unnecessary. There is no reason to

believe that the evidence upon a second trial would justify a materially different finding of facts.

The judgment is reversed, with instructions to the trial court to render judgment in favor of appellant upon answers to interrogatories.