JOSEPH H. FRENCH, Respondent, *v.* SAMUEL DONALDSON, Appellant.

The provisions of the act of 1867, in reference to contracts for canal repairs (§§ 3, 4, chap. 577, Laws of 1867), imposing supervisory duties upon the canal commissioners, engineers and superintendents as to the manner of making repairs, did not, in any way, affect the liability of a contractor for injuries resulting from defects in a structure included in his section, and which he is bound by his contract to keep in repair; and it is no defence in such action that all the repairs deemed necessary and proper and ordered by said officials were made. Those provisions were intended simply as additional safeguards.

Under a contract for canal repairs made subsequent to and under the provisions of the act of 1866 (chap. 836, Laws of 1866) and containing the clause required to be inserted in such contracts by said act (§ 9), obligating the contractor to pay all damages to the State or " to any individual " by reason of negligence, default, etc., it was the busi-

ness of the contractor to ascertain, at his peril, what ought to have been done, not only to put, but to keep the bridges upon his section in repair.

(Argued January 16, 1874; decided May term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff entered upon a verdict. (Reported below, 5 Lans., 293.)

This action was brought against defendant to recover the value of certain horses and mules killed by the falling of a bridge over the Erie canal, in Schenectady. The defendant had entered into a contract with the people of the State to keep superintendent section number two in repair; the section included the bridge in question. The contract contained the clause required by chapter 836, Laws of 1866, requiring the contractor to pay all damages arising to the State "or to any individual" by reason of the negligence, default or misconduct of such contractor.

On the 26th October, 1869, the plaintiff was passing over the bridge with a number of horses and mules, when the bridge gave way precipitating a number into the canal. Three of the horses and two mules were killed. Plaintiff, on the trial, gave evidence tending to show that the timbers of the bridge were rotten. Defendant gave evidence that the canal superintendent directed the defendant to make repairs, and that the repairs were made according to the directions thus given. Vedder, the superintendent, as a witness, was asked this question: "Did you order all the repairs to be done that, in your judgment, you deemed necessary and proper?" This was objected to and excluded.

At the close of the evidence, defendant's counsel moved for a nonsuit upon the ground, among others, that defendant was not in default until directed to repair by the canal commissioner; that the bridge was not covered by the contract; that it appeared that the canal board had put the section in charge of a superintendent who, a short time prior to the accident, examined the bridge and gave directions what repairs and

alterations to make, and that defendant made the repairs as directed; and that it was incumbent upon plaintiff to show notice to defendant that the bridge was out of repair.

The court denied the motion and defendant's counsel excepted.

*F. Fish* for the appellant.    In a case where facts are clearly proved or conceded the question of negligence or carelessness is matter of law.   (*Munger* v. *T. R. R. Co.*, 4 N. Y., 350 ; *Rathburn* v. *Payne*, 19 Wend., 399 ; *Bush* v. *Bronson*, 1 Cow., 88 ; *Hance* v. *C. and S. R. R. Co.*, 26 N. Y., 428 ; *Gordon* v. *Erie R. Co.*, 45 id., 660 ; *Davis* v. *N. Y. C. R. R. Co.*, 47 id., 400 ; *Sexton* v. *Zett*, 44 id., 430.)

*S. W. Jackson* for the respondent.    A contractor with the State to put and keep in repair a portion of the canals, with its bridges, is liable to one who has sustained damage by the neglect of the contractor to perform the duties assumed by his contract.   (*Robinson* v. *Chamberlain*, 34 N. Y., 389 ; *Fulton F. Ins. Co.* v. *Baldwin*, 37 id., 648 ; *Conroy* v. *Gale*, 5 Lans., 344 ; affirmed, 47 N. Y., 665.)    The undertaking and duty of defendant, in relation to repairs, were not dependent upon the requirements or directions of the canal superintendent.    (*Shepherd* v. *Lincoln*, 17 Wend., 250 ; *Adsit* v. *Brady*, 4 Hill, 630 ; *Conroy* v. *Gale*, 5 Lans., 344 ; Laws 1867, p. 1542, chap. 577, § 3.)    The motion for a non-suit on the ground of plaintiff's contributory negligence was properly denied.   (*Davenport* v. *Ruckman*, 37 N. Y., 568.) Defendant's liability did not depend upon notice of the defects.   (*McCarthy* v. *City of Syracuse*, 41 N. Y., 194.)

GRAY, C.    Whatever doubts, if any may have existed since the case of *Adsit* v. *Brady* (4 Hill, 630 ; followed and affirmed in *Robinson* v. *Chamberlain*, 34 N.Y., 389, and other cases), in relation to the duty of a contractor for canal repairs, or of his liability to an individual who has sustained damages by reason of a defect in a bridge over a portion of the canal he had, prior to the legislation of 1866 and 1867, con-

tracted to repair or keep in repair, is disposed of by the legislation of those years. By an enactment of 1866, second volume Session Laws of that year, page 1892, chapter 836, section 9, it is made the duty of the canal board to insert in all contracts for work or repairs on the canal a clause (inserted in the defendant's contract) requiring the contractor to pay all damages arising to the State, *or to any individual,* by reason of the negligence, default or misconduct of such contractor in the performance of his contract; and by an enactment in the following year, second volume Session Laws, 1867, pages 1541, 1542, chapter 577, sections 3 and 4, it is declared that a contract entered into as this was "shall be held and adjudged to bind the contractor, *not only to put, but to keep,* the section of the canal embraced within the contract, with all its structures, feeders, reservoirs, ditches, *bridges* and every other matter belonging thereto, by all needful repara- tions, amendments, *reconstructions,* in accordance with the original plan of construction, in a good and safe condition." The act then, in substance, reserved to the canal commissioners the power of directing the contractors as to any and all *precautionary* measures they may consider necessary and expedient, to preserve and maintain navigation and the bridges, and prevent hindrances and delays in the passage of boats, and then made it their duty and the duty of the engi- neers of canal repairs, and the superintendents, to give atten- tion to the manner in which the contractors perform their work of repairs, and requiring every engineer and superin- tendent when any fault or neglect of the contractor should come to his knowledge, to report the same to the commis- sioner in charge. These provisions, so far as they relate to the power of the canal commissioners, the engineers and superintendents, were intended as additional public safeguards to the obligation of the contractor, whose duty was substan- tially stated in his contract; in which his liability to respond in damages to any individual, to whom damages should accrue by reason of his failure to perform it, was quite clearly stated; hence it is that the judge at circuit did not err in

overruling the defendant's offer to prove by Vedder, the superintendent, that he ordered all repairs to be done which he considered necessary and proper. It was the business of the defendant to ascertain, at his peril, what ought to be done, not only to put, but to keep the bridge in repair. (*Conroy* v. *Gale*, 5 Lansing, 344; affirmed, 47 N. Y., 665.) The question of contributory negligence was properly left to the jury. If the witness McDonald was right, there were but eighteen horses on the bridge, weighing about 1,000 pounds each, moving steadily and in good order over it when it fell, which, if the witness Clute's estimate of the sustaining power of the bridge if it had been sound, and according to the original plan of its construction, was right, would not have yielded to the weight upon it.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.