(49 Misc. Rep. 622)

CRIMMINS v. UNITED ENGINEERING & CONTRACTING CO.

(Supreme Court, Appellate Term. December 21, 1905.)

1. NEGLIGENCE—ACTIONS—PLEADING—VARIANCE.

In an action against a contractor for injuries caused by falling into an excavation, where the negligence charged was defendant's failure to guard an excavation made by it on private property adjacent to the highway, there could be no recovery on evidence which showed that the excavation was some three or five feet distant from the highway, and that plaintiff did not inadvertently wander from the highway, but left it deliberately and knowingly, although it was further shown that the private land on which the excavation was made was used by the public as a crossing.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, § 212.]

2. PLEADING—ISSUES—VARIANCE—WAIVER.

In an action against a contractor for injuries caused by falling into an excavation made by it on private property adjacent to a highway, permitting the introduction of evidence that the property was used by the public as a crossing did not constitute a consent to the litigation of a new issue of negligence, where the evidence of such use was stated by plaintiff to be merely explanatory of the situation and locality.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 1351.]

3. NEGLIGENCE—DUTIES TOWARD LICENSEES—PERSONS NOT CONNECTED WITH LICENSE.

The act of the owner of land in permitting the public to use it as a crossing does not impose on a contractor engaged in excavating the land the duty of guarding the excavation for the protection of the public, in the absence of anything to connect him with the license given to the public.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 64, 66–68.]

Appeal from Municipal Court, Borough of Bronx, Second District. Action by Michael J. Crimmins against the United Engineering &

Contracting Company.  From a judgment in favor of defendant, plaintiff appeals.  Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

John C. Hollenback, for appellant.

Theodore H. Lord, for respondent.

BISCHOFF, J.  The defendant was sought to be held liable for its negligence in failing to light or guard an excavation made by it on private property adjacent to the highway, and the complaint was dismissed at the close of the plaintiff's case.  This ruling, upon the proof submitted, was, in our opinion, clearly sound.  The excavation was distant from the sidewalk some three or five feet, according to the different witnesses, and, while it may be that a pedestrian who had unintentionally deviated from the sidewalk—excusably, because of the darkness—could have recovered for an injury caused by the proximity of the excavation (Beck v. Carter, 68 N. Y. 283, 23 Am. Rep. 175), the plaintiff's claim, as developed by the proof, is founded upon no such principle of liability.  He did not wander from the strict lines of the highway.  He left it deliberately, and fell into the excavation which he found at a place known to him not to be the highway.  The question, therefore, whether this excavation should have been guarded in the exercise of reasonable care for the safety of persons using the street was not in the case, and this was the measure of the defendant's duty, as indicated by the averment of negligence in the complaint.

The proof that the private land was used by the public for the purposes of crossing would have a bearing upon the plaintiff's contributory negligence, or, in an action against the owner of the land, upon the main question of negligence; but it had no bearing upon the negligence of this defendant under the allegations of the complaint, nor was a new issue of negligence, upon this theory, litigated by consent, since the evidence of the license to use this unfenced lot was stated by the plaintiff to be merely explanatory of the situation and locality.

Again, there was nothing to connect this defendant with the license given by the owner of the land, whether by notice or otherwise, and its duty of guarding the excavation for the protection of the licensees was not apparent from anything which the proof suggested.

The complaint was properly dismissed for failure of proof, and the judgment is therefore affirmed, with costs.  All concur.