### SCHULHOFER v. MULHARE.

(Supreme Court, Appellate Term. June 1, 1906.)

NEGLIGENCE—USE OF LAND—ACT OF INDEPENDENT CONTRACTOR.

A landowner is not liable for damages to the land of an adjoining owner because of excavation work on the former's premises, where the excavation was made by an independent contractor, who was a fit and competent person.

[Ed. Note.—For cases in point, see vol. 37, Cent Dig. Negligence, § 68; vol. 34, Cent. Dig. Master and Servant, § 1244.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Abraham Schulhofer against Ellen Mulhare. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Charles Kaufman, for appellant.

Michael J. Sullivan (Louis O. Van Doren, of counsel), for respondent.

GILDERSLEEVE, J. The action is for damages caused to plaintiff's premises by excavations on defendant's adjoining premises. Judgment was given for defendant. Plaintiff appeals.

We think the judgment should be sustained on the ground that it is shown, without contradiction, that the work of excavation was entirely in the hands of an independent contractor, and that such contractor was a fit and competent person. Hexamer v. Webb, 101 N. Y. 377, 4 N. E. 755, 54 Am. Rep. 703; Roemer v. Striker, 142 N. Y. 134, 36 N. E. 808; Berg v. Parsons, 156 N. Y. 109, 50 N. E. 957, 41 L. R. A. 391, 66 Am. St. Rep. 542. If the work was negligently or improperly done by the contractor's workmen, the contractor, and not defendant, was liable. The evidence does not warrant a finding that defendant or her husband, as her agent, interfered with the contractor's method of doing the work, or attempted to direct or control his actions.

Judgment affirmed, with costs. All concur.