(61 Misc. Rep. 38.)

COOLIDGE v. STATE. (No. 8,838.)

(Court of Claims of New York. October, 1908.)

STATES (§ 112*)—PROPERTY AND LIABILITIES—INDEPENDENT CONTRACTORS.

One who contracts with the state to build a section of a barge canal, and who hires his men and who controls the work, is an independent contractor, though the canal commissioners have supervisory authority; and where he was not shown to be incompetent, and the work was not inherently dangerous, the state is not liable to one who falls from an insufficiently guarded temporary road, constructed by the contractor, connecting different portions of the highway intersected by the construc-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion, where the state had the right, during the work, to discontinue the highway.

[Ed. Note.—For other cases, see States, Dec. Dig. § 112.*]

Claim by Frank Coolidge against the State for damages by driving into an excavation made for a canal. Judgment for the State.

N. R. Holmes, for claimant.

William S. Jackson, Atty. Gen., and George P. Decker, Deputy Atty. Gen., for the State.

MURRAY, J. This is an action by claimant to recover damages for injuries sustained by falling or driving into an excavation made for the barge canal in the vicinity of Rochester, in the town of Gates, on the night of December 9, 1906. This section of the barge canal cut Lyell avenue at right angles. Barriers were erected, and the use of the street was interrupted at this point. Near the barrier, leading to the north from Lyell avenue, a temporary road was laid to a bridge across the excavation for the barge canal, and then to a point opposite the barrier, where travel was resumed on Lyell avenue. The claimant on the night in question was driving a team of horses. When they approached the obstruction across Lyell avenue, he, or the horses of their intuition, turned to the deflected road leading to the north, to the temporary bridge over the excavation. They had gone on this temporary road some 65 feet, when the claimant pulled his team to the left; and he, the team, and the wagon were precipitated into the excavation, which was not fenced and was unguarded at this point, and into the water therein. The bank of the excavation was some 10, 12, or more feet to the left from the nearest side of the temporary roadway.

The state of New York, through its officers, made and entered into a contract with one Frank A. Maselli for the digging, building, and construction of this section of the canal which crossed Lyell avenue. It is not disputed that at the time of the accident Maselli had not completed his contract, or that he did not have full charge and control of the work which he was doing on this section of the new canal, and that at some time prior to the accident, at the request of this contractor, the highway commissioner of the town of Gates prepared this temporary road and crossing for the accommodation of the public travel. I think the state had a right to close Lyell avenue during the time of the construction of this public improvement, and that no responsibility was placed upon it in laying out or keeping this temporary road in repair. That obligation rested elsewhere. See Highway Law (Laws 1890, p. 1181, c. 568) § 16. The bank of the excavation for the barge canal at the place where the claimant drove into it, though some feet distant from this temporary road, was unprotected on the night in question. Is the state liable for this? At the time of the accident Mr. Maselli was still engaged in the performance of this contract. It was not finished. He hired his men and furnished his tools, machinery, and appliances. He had the supervision of his men and the direction and control of the work. No question was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

raised that he was not competent to perform the contract, or that there was anything inherently dangerous in the work being done.

The question now arises, was he an independent contractor? In Shearman & Redfield on Negligence (5th Ed.), vol. 1, §§ 164, 168, et ·seq., the rule is stated to be:

"An independent contractor is a person who, in the pursuit of an independ-·ent business, undertakes to do a specific piece of work for·other persons, using his own means and methods, without submitting himself to their con-·trol in respect to all its details.  *  *  *  It appearing, from the definition which we have given of an independent contractor, that he is not the agent ·or servant of his employer in relation to anything but the specific results which he undertakes to produce, it follows that his employer is not respon-·sible to third persons for his negligence  *  *  *  in the execution of the work." 1 Thomas, Neg. 683; Sanderson, Neg. (Hooper's Notes, 1872) 118–120.

"Where a firm was employed to repair a bridge within city limits,  *  *  * ·and in turn hired other persons to do the work, held, the firm was an inde-pendent contractor, and not the servant of the city, so as to make it charge-·able for the negligence of workmen employed to repair." Wood v. City of Watertown, 58 Hun, 298, 11 N. Y. Supp. 864; Pierrepont v. Loveless, 72 N. Y. 211; Herrington v. Lansingburgh, 110 N. Y. 145, 17 N. E. 728, 6 Am. St. Rep. 348; Berg v. Parsons, 156 N. Y. 109, 50 N. E. 957, 41 L. R. A. 391, 66 Am. St. Rep. 542, and cases cited.

In Schulhofer v. Mulhare, 50 Misc. Rep. 658, 99 N. Y. Supp. 489, the court say:

"We think the judgment should be sustained on the ground that it is ·shown, without contradiction, that the work of excavation was entirely in the hands of an independent contractor, and that such contractor was a fit ·and competent person."

See, also, Crimmins v. United Engineering Co., 49 Misc. Rep. 622, ·96 N. Y. Supp. 1032; McKeon v. Weber Building Co. (Sup.) 84 N. Y. Supp. 913.

In French v. Donaldson, 57 N. Y. 496, the Court of Appeals say:

"Under a contract for canal repairs  *  *  *  it was the business of the ·contractor to ascertain, at his peril, what ought to have been done, not only to put but to keep the bridges upon his section in repair.  *  *  *  The pro-visions of the act  *  *  *  imposing supervisory duties upon canal commis-·sioners, etc.,  *  *  *  as to the manner of making repairs, did not, in any way, affect the liability of a contractor for injuries resulting from defects in ·a structure included in his section, and which he is bound by the contract to keep in repair; and it is no defense in such action that all the repairs ·deemed necessary and proper and ordered by said officials were made."

I am of the opinion that the claimant has mistaken the person re-·sponsible for any alleged negligence in this case, and that judgment ·should be for the state, dismissing the claim.

Judgment for the state.