MURIEL, PLAINTIFF AND APPELLANT, *v.* MARCHAN, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of San Juan, Section 1, in an Action for Damages.

No. 1071.—Decided July 31, 1914.

VIEW—FINDING OF TRIAL COURT—OBJECTION IN LOWER COURT.—When it is alleged for the first time on appeal that the findings of the court as to facts which have been considered by it by virtue of a view are inconsistent with the evidence, this court should accept the findings because the result of the view was not objected to in the lower court.

NEGLIGENCE—ONUS PROBANDI.—When, as in the case at bar, it is not shown clearly that the building was under the sole charge of the defendant and that the opening in the floor through which the plaintiff fell was sometimes covered and sometimes not, the burden is on the plaintiff to prove that the negligence in allowing the said opening to be uncovered when the accident occurred was directly attributable to the defendant.

CONTRIBUTORY NEGLIGENCE.—The plaintiff is guilty of contributory negligence when in walking over the floor of a building undergoing repairs he looks up to see what other work has to be done instead of watching where he is going.

The facts are stated in the opinion.

Mr. E. H. F. Dottin for the appellant.

Mr. Pedro Gómez Lasserre for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The complainant in this case alleged that on August 30, 1912, between 12 and 2 o'clock of the afternoon, he was installing some electric apparatus in the upper story of a laundry establishment of the defendant, situated on San Agustín Street, Stop 4½, when in passing along a corridor between the railing of the staircase and the office partition he fell through an opening which the defendant had faultily and negligently left in the floor, striking the floor below; that he was working under the orders of Juan Bautista Cruz, who was in charge of the installation of said apparatus, a piece of work in no way connected with the construction of the building, the latter being under the supervision of the owner,

the defendant, who was in the building when the complainant began the work; that nobody notified the complainant that there was any dangerous place in said building, or that in entering it he exposed himself to danger, and that there was nothing apparent in the building to lead him to suspect that any danger threatened him there. Then follow other averments of damages received and the plaintiff claims a sum of $2,000. The complaint contains no averment that the complainant was exercising due care or any other averment which would negative the idea that he was guilty of contributory negligence. The defendant denied the allegations of the complaint and set up some new matter of defense alleging that the accident happened through the complainant's own negligence.

The court below, at the request of the defendant, viewed the premises and in its "findings," which are found in the transcript, stated that it could observe that the building was a two-story one, 16 meters long by 10 meters wide; that the lower story has 7 doors and 4 windows and that the upper story contained 7 doors and 2 windows. The upper floor has no interior partition except a railing about 1 meter high which forms a quadrangle 4 meters square in the N. E. corner. Between this railing and that of the stairway and at a distance of about 1½ meters is the opening through which the complainant fell. This floor is reached by a stairway which in its upper part is 2 meters from the opening. The place where the complainant was working was about 6 meters from the opening, and in order to pass by the opening in descending to the lower floor he had to go around the railing of the stairway when he might have gone directly and by a shorter route along the west side of the railing instead of along the east side, as he tried to do. That the opening measured about 2 yards in length by 1 in width.

The court found further in its opinion that of the allegations of the complaint only those which referred to the fall and the injuries had been proven; that the negligence of

the defendant had not been proved and the accident could only have occurred through the inexcusable negligence of the complainant; that a building without interior partition and with the doors and windows in its two floors as enumerated, which, according to the evidence of the plaintiff himself were open, was undoubtedly sufficiently lighted so that any person of ordinary caution could have seen the opening and avoided falling through it; that the opening was in a place where it could have been seen by the plaintiff before arriving at it, for although the railing of the stairway is near it, the railing is composed of balusters sufficiently far apart to allow it to be seen; that in relation to the floor and the light of the two stories, this opening is something like a colored window and could have been unnoticed only by great negligence.

The complainant-appellant attacks the correctness of a small part of the findings of the court in regard to the position of the railing and the possibility of the plaintiff's seeing the opening. However, any conflict between the facts shown by the inspection and the proof of the complainant not being properly attacked in the court below would have to be decided in favor of the findings of the court. Moreover, from the view we take of the case the exact position of the railing was unimportant.

As we have seen, the court found that the defendant's negligence had not been proved. It is not clear that the building was exclusively in charge of the defendant, but further than that the complainant's own testimony shows that the opening sometimes had a cover to it and sometimes not. Under these circumstances, supposing a duty to guard the opening existed, the complainant ought to have shown that the failure to guard the opening was directly due to the negligence of the defendant.

We are not satisfied that the defendant owed the complainant any duty as against an opening in a floor which was in plain view of anybody using reasonable care. *Bedell*

v. *Berkey,* 76 Mich., 436.   Especially would this be true of a workman in a building in which repairs were still being made.

The case is even stronger against the complainant because the proof showed that instead of looking where he was going he cast his eyes upwards to see whether any other work was needed.   Much comment seems unnecessary.   The complainant was clearly guilty of contributory negligence.   The following authorities are in point: *Crimmins* v. *The United Engineering & Contracting Co.,* 49 Misc., 622; *Hutchins* v. *Priestly Express Wagon & Sleigh Co.,* 61 Mich., 252; *Stewart Administratrix* v. *The Pennsylvania Co.,* 130 Ind., 246; *Johnson* v. *Ramberg,* 49 Minn., 341; *Day* v. *Cleveland, Columbus, Cincinnati and St. Louis Railway Co.,* 137 Ind., 206.

In most of the foregoing cases the facts are similar to the case at bar and the courts comment severely on the failure of the complainant to have used his eyes: for example, in the case of *Hutchins* v. *Priestly Express Wagon & Sleigh Co.,* the court says:

"The only explanation of his conduct is, what there is no difficulty in gathering from his own testimony, although he does not seem to be aware of it, that he is one of those persons who pay little heed to their surroundings, and go hither and thither on their errands absent-minded, or thinking only of some particular object and shutting their eyes to everything else.   Such inattention is sometimes dangerous to the person himself, and quite as often to his neighbors. It is a want of that ordinary care which the safety of society requires all sane persons of mature age to exercise, and for which they are civilly responsible.   Business could not be carried on without this requirement."

While this case seems to be a plain one, yet the respondent has relied principally on the ground of affirmance which we think is erroneous, namely, that there was conflict in the proof.   For the purpose of this case there was very little conflict.   The judgment must be affirmed.

                                        *Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.