MURIEL, DEMANDANTE Y APELANTE, v. MARCHÁN, DEMANDADO
Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre indemnización de daños y perjuicios.

No. 1071.—Resuelto en julio 31, 1914.

INSPECCIÓN OCULAR—FINDINGS DE LA CORTE—FALTA DE IMPUGNACIÓN EN LA CORTE INFERIOR.—Cuando se alega por primera vez en apelación que los *findings* de la corte con respecto a hechos que han sido apreciados por ella en virtud de inspección ocular están en contradicción con la prueba, este tribunal debe aceptar los *findings* por no haber sido impugnado en la corte inferior el resultado de la inspección ocular.

NEGLIGENCIA—EDIFICIO EN REPARACIONES—AGUJERO EN EL PISO—RESPONSABILIDAD DEL DUEÑO DEL EDIFICIO.—Cuando, como en el caso de autos, no aparece de modo claro que el edificio estuviera exclusivamente al cuidado del demandado, y que el agujero en el piso por el cual se cayó el demandante, unas veces estaba tapado y otras nó, al demandante le incumbía probar que la negligencia de hallarse destapado dicho agujero cuando ocurrió el accidente fué debida directamente al descuido del demandado.

NEGLIGENCIA CONTRIBUTORIA—AGUJERO EN EL PISO—CAÍDA SUFRIDA POR UN TRABAJADOR MIRANDO HACIA ARRIBA.—Constituye negligencia contributoria para el demandante el estar andando por el piso de un edificio en reparaciones mirando hacia arriba para ver si tenía que hacer algún otro trabajo en lugar de ir mirando por donde andaba.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. E. H. F. Dottin.*

Abogado del apelado: *Sr. Pedro Gómez Lasserre.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El demandante en esta acción alegó que el día 30 de agosto de 1912, entre las 12 y las 2 de la tarde, se hallaba instalando unas planchas eléctricas en la planta alta de un estableci-

miento, tren de lavado, propiedad del demandado, sito en la calle de San Agustín, parada 4½, cuando al recorrer un pasillo entre la baranda de la escalera y el tabique de la oficina, se cayó por una abertura que el demandado culpable y negligentemente había dejado en el piso dando con su cuerpo en la planta baja; que trabajaba bajo las órdenes de Juan Bautista Cruz, encargado de la instalación de dichas planchas, trabajo en nada relacionado con la obra de construcción del edificio, estando éste a cargo de su dueño el demandado, quien se hallaba en él cuando el demandante llegó a trabajar; que nadie le avisó que en dicho edificio existiera sitio alguno peligroso, ni que al entrar en él se exponía a peligro, ni aparentemente existía en el edificio nada que le indujera a sospechar que pudiera amenazarle allí algún peligro. Luego siguen otras alegaciones respecto a los daños y perjuicios sufridos por los cuales reclama el demandante la suma de $2,000. La demanda no contiene alegación alguna de que el demandante hubiera ejercitado el debido cuidado así como tampoco ninguna otra contraria a la idea de haber sido él culpable de negligencia contributoria. El demandado negó las alegaciones expresadas en la demanda y expuso nuevos hechos constitutivos de defensa alegando que el accidente ocurrió por la propia negligencia del demandante.

La corte inferior a solicitud del demandado practicó la prueba de inspección ocular del edificio en que ocurrió el accidente, expresando en sus *findings* que constan en la transcripción, que pudo observar que el edificio era uno de 16 metros de largo por 10 de ancho, con dos plantas; que la inferior tiene 7 puertas y 4 ventanas y la alta 7 puertas y 2 ventanas. Esta no tiene división interior, excepción de una barandilla como de un metro de altura que en el ángulo nordeste forma un cuadrilátero de cuatro metros por cada lado. Entre esta barandilla y la de la escalera y en una distancia como de 1½ metros está la abertura por donde cayó el demandante. Se sube a este piso por una escalera que en su parte superior dista dos metros del agujero. El sitio en que trabajaba el

demandante dista unos seis metros de la abertura, y para bajar al piso inferior y pasar por el agujero hubo de dar un rodeo por la barandilla de la escalera, pudiendo haber pasado directamente y como punto más inmediato junto a la barandilla del oeste en lugar de la del este, como trató de hacerlo el actor. Que la abertura medía como dos varas de largo por una de ancho.

La corte declaró además que de las alegaciones de la demanda solamente se probaron las que se referían a la caída y a las lesiones recibidas; que no se demostró la negligencia del demandado y que el accidente sólo pudo ocurrir debido a la inexcusable negligencia del demandante; que un edificio sin divisiones interiores que en sus dos plantas tiene las puertas y ventanas que se dejaron enumeradas, y que según la prueba del mismo demandante estaban abiertas indudablemente estaba bastante iluminado para que cualquiera persona nada más que de mediana prudencia pudiera ver el agujero y haber evitado caerse por él; que el agujero estaba en un sitio que podía ser visto por el demandante antes de llegar a él, puesto que, si bien tiene al lado la barandilla de la escalera, ésta es de balaustres bastante separados y que no impedían verlo; que este agujero con relación al piso y a la claridad de una y otra planta, es a manera de un transparente iluminado, que sólo ha podido inadvertirse por una gran negligencia.

El demandante apelante se opone a la corrección de una pequeña parte de las conclusiones de la corte en lo que respecta a la posición de la barandilla y a la posibilidad de ver el demandante el agujero. Sin embargo, cualquiera que haya sido el conflicto que haya habido entre los hechos resultantes de la inscripción ocular y la prueba del demandante, no habiendo sido debidamente impugnado en la corte inferior tendría que ser resuelto a favor de las conclusiones a que llegó la corte. Además, según la consideración que hacemos del caso creemos que era una cuestión que no tenía importancia la verdadera posición de la barandilla.

Como ya hemos visto la corte declaró probado que no quedó demostrada la negligencia del demandado. Es un hecho que no aparece de modo claro que el edificio estuviera exclusivamente al cuidado del demandado y lo que es más, aparece de la propia declaración del demandante que el agujero unas veces estaba tapado y otras no. Tomando en consideración estas circunstancias y suponiendo que había la obligación de tener cuidado con este agujero, el demandante debió haber mostrado que la negligencia en atender o vigilar el mismo fué debida directamente al descuido del demandado.

No estamos conformes con la alegación de que el demandado tuviera algún deber para con el demandante en lo que respecta a este agujero que había en el piso y que estaba a la vista de cualquier persona de cuidado ordinario. *Bedell v. Berkey,* 76 Mich., 436. Esto es precisamente así tratándose de un trabajador que está en un edificio en el que todavía se estaban haciendo reparaciones.

El caso resulta aun más claro en contra del demandante, pues de la prueba quedó demostrado que en vez de ir él mirando por donde iba se encontraba mirando hacia arriba para ver si se necesitaba algún otro trabajo. No es necesario comentar mucho sobre el particular. El demandante fué ciertamente culpable de negligencia contributoria. Las autoridades que siguen son pertinentes a esta cuestión. *Crimmins* v. *The United Engineering & Contracting Co.,* 49 Misc., 622; *Hutchins* v. *Priestly Express Wagon & Sleigh Co.,* 61 Mich., 252; *Stewart Administratrix* v. *The Pennsylvania Co.,* 130 Ind., 246; *Johnson* v. *Ramberg,* 49 Minn., 341; *Day* v. *Cleveland, Columbus, Cincinnati and St. Louis Railway Co.,* 137 Ind., 206.

En la mayoría de los anteriores casos los hechos son semejantes al que ahora consideramos y las cortes comentan severamente sobre la falta del demandante al no haberse fijado en el sitio del peligro; por ejemplo, en el caso de *Hutchins* v. *Priestly Express Wagon & Sleigh Co.,* la corte se expresa como sigue:

"La única explicación de su conducta que puede deducirse sin dificultad alguna de su propia declaración aunque él no parece tener conocimiento de ello, es que él es una de aquellas personas que tienen poco cuidado con sus alrededores y van de acá para allá distraídos en sus diligencias, o que pensando solamente sobre una sola cosa no se dan cuenta de nada más. Semejante ·falta a veces es ·peligrosa para la propia persona, y con bastante frecuencia para sus vecinos. Es la ausencia de aquel cuidado ordinario que la seguridad de la sociedad exige que ejerciten todas las personas de sano juicio y de edad madura y por el cual son responsables civilmente. Los negocios no podrían llevarse a cabo sin este requisito."

Aunque este caso parece ser muy claro, el apelado, sin embargo, se fundó principalmente para solicitar la confirmación de la sentencia en el motivo que a nuestro juicio es erróneo, o sea, que hubo conflicto en la prueba. Para el objeto de este caso existió muy poco conflicto. Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.