The City of Plymouth v. Milner.

No. 13,584.

THE CITY OF PLYMOUTH v. MILNER.

APPEAL.—*Amount Involved.*—The statute limiting appeals to the Supreme Court to cases involving fifty dollars and more, does not apply to actions commenced in the circuit court, but only to actions originating before a justice of the peace or mayor of a city.

PLEADING.—*Demurrer.*—A demurrer addressed to an entire pleading containing one good paragraph should be overruled.

TRIAL.—*Failure of Plaintiff's Testimony to Support Complaint.—Dismissal of Action.—Instructing Jury to Return Verdict.*—A cause should not be dismissed on motion of the defendant because the plaintiff's testimony does not sustain the complaint; but, after the close of the evidence, the defendant may, if it is not sufficient, ask that the jury be instructed to return a verdict in his favor.

MUNICIPAL CORPORATION.—*Negligence.— Sidewalk.— Visible Defect.— Contributory Negligence.*—A city is not liable to one who sustains an injury by reason of a defective sidewalk, if the latter could have avoided the injury by looking, and shows no excuse for failing to look.

From the Marshall Circuit Court.

*A. C. Capron*, for appellant.

*V. P. Kirk*, for appellee.

COFFEY, J.—This was a suit to recover damages on account of an injury sustained by the appellee, occasioned by the alleged defective and dangerous condition of the streets in the city of Plymouth. The complaint is in three paragraphs, differing in no material respect except in the description of the condition of said streets.

A demurrer was filed to the complaint by the appellant, which was overruled, and an exception taken.

Issues were formed and a trial had by jury, which resulted in a verdict and judgment for the appellee for the sum of twenty-five dollars.

The appellee has filed a written motion in this court to dismiss the appeal, because the amount involved, exclusive of

interest and costs, does not exceed fifty dollars. The statute limiting appeals to cases involving fifty dollars and upwards does not apply to cases commenced in the circuit court. It applies to cases originating before a justice of the peace or the mayor of a city only; and as this case was commenced in the circuit court the motion must be overruled.

The errors assigned in this court are:

1st. That the court erred in overruling the demurrer to the complaint.

2d. That the court erred in overruling the motion of appellant to dismiss the action; and,

3d. That the court erred in overruling the motion for a new trial.

The demurrer to the complaint is joint, and is directed to the complaint as a whole.

While the first paragraph is, perhaps, defective in not alleging that the injury occurred without the fault or negligence of the appellee, the second and third, we think, state a good cause of action, and the court did not, therefore, err in overruling the demurrer. Where a demurrer is addressed to an entire pleading containing one good paragraph, it should be overruled. *Stanford* v. *Davis*, 54 Ind. 45; *Washington Tp.* v. *Bonney*, 45 Ind. 77; *Jewett* v. *Honey Creek Draining Co.*, 39 Ind. 245; *Jeffersonville, etc., R. R. Co.* v. *Cox*, 37 Ind. 325.

It appears by the record that, after the appellee had testified in the cause, the jury was excluded from the court-room, at the request of the appellant, and it then, by counsel, moved the court to dismiss the action, upon the ground that her testimony did not sustain the complaint. This motion was overruled and excepted to. In this the court did not err. After the close of the testimony in the cause, if the appellant was of the opinion that it was not sufficient to sustain a verdict for the appellee, it should have asked the court to instruct the jury to return a verdict in its favor.

The facts in this case, as they appear by the evidence in

the record, are, that Plum street, in the city of Plymouth, runs north and south. Jefferson street runs east and west, crossing Plum street near the Vandalia Railroad. At the time the injury complained of was incurred by the appellee, workmen were engaged in grading and gravelling both these streets, and they were in an unfinished condition. A few weeks before the injury, one Thompson caused a sidewalk to be constructed on the north side of Jefferson street, terminating on Plum street. At the point where said sidewalk terminated on Plum street it was nine inches high. From that point there was no street crossing as yet constructed, but the sidewalk was left the proper height to join onto one when the city should finish grading Plum street. There were three lights in the neighborhood of the sidewalk—one not more than one hundred feet from the west end of the same. They were all burning at the time the injury occurred, and there was nothing to prevent the appellee from seeing that the sidewalk terminated at Plum street, and that there was no street crossing at that point. Without looking, the appellee walked off the west end of said sidewalk, and either sprained or dislocated her ankle.

It is not necessary to decide whether, under the circumstances, the city of Plymouth was guilty of negligence in permitting the sidewalk to remain in the condition it was, during the process of grading Plum street, as it is settled beyond dispute, in this State, that where one party sues another to recover on account of an injury occasioned by the negligence of the latter, the former must allege and prove that his negligence did not contribute to the injury.

A person is bound to exercise the faculties with which he is endowed by nature, and if he fails to look, without excuse, when by so doing an injury could be avoided, if he is injured he can not recover in a suit for such injury.

This rule is so well settled in this State that it is unnecessary to cite authorities to prove it.

The appellee knew that there was no crossing at Plum

street, and all that was necessary to avoid the injury of which she complains was to look. This she admits she was not doing when the injury occurred.

In our opinion the verdict of the jury was not sustained by the evidence, and the court erred in refusing to grant a new trial.

The judgment of the court below is reversed, at the costs of the appellee, with instructions to grant a new trial, and for further proceedings not inconsistent with this opinion.

