Stewart, Administratrix, *v.* The Pennsylvania Company.

Filed Jan. 14, 1892.

---

No. 15,469.

STEWART, ADMINISTRATRIX, *v.* THE PENNSYLVANIA COMPANY.

NEGLIGENCE.— *General Averment of Freedom from Contributory Negligence.— Specific Averment of Facts Overcoming.*—A general averment that the plaintiff " was without fault or negligence in all said matter, and acted with prudence and with care in all said transactions," is sufficient to show that the plaintiff was free from contributory negligence, unless the specific averment of facts show that he was, notwithstanding, guilty of such negligence.

SAME.— *Use of Senses and Exercise of Reasoning Faculties by Plaintiff.*—A person is bound to use the senses, and exercise the reasoning faculties with which nature has endowed him ; and if he fail to do so, and is injured in consequence, neither he, in life, nor his representatives after his death, can recover for resulting injuries.

From the Scott Circuit Court.

*W. K. Marshall,* for appellant.

*S. Stansifer,* for appellee.

McBRIDE, J.—While counsel have argued two alleged errors in this case, only one of them is assigned. The one error which is assigned, however, presents, substantially, every question involved in both, and rests on a ruling of the circuit court sustaining a demurrer to the second paragraph of the complaint.

The suit is by the appellant, as administratrix of the estate of William H. Stewart, deceased, who was killed by a train of cars on a line of railroad operated by the appellee.

The paragraph of complaint in question, omitting prefatory and concluding technical averments, is as follows:

" That, on the — day of ———, 188–, the said William Stewart was in the employ and service of the defendant, in the capacity of bridge carpenter, and that said decedent, on the day last aforesaid, was engaged in said service of said defendant, at and on the Silver Creek bridge, which was a part of defendant's line of said road from Jeffersonville to New Albany; that the trains of defendant, going west on said railroad, ran on the north track, and the returning train ran on the south track, and when said trains were meeting and passing each other there was twenty-five inches, and no more of space between said trains; that it was the custom of the defendant to convey said bridge carpenters, including said Stewart, from Jeffersonville to the place of their work in the morning, and then stop said train for them to get off, and said train stopped only long enough to allow said workmen time to get off, and then reconvey said employees from said place back to Jeffersonville; that said place of stopping was not a place of stopping to receive or disembark passengers, and when said passenger trains stopped to allow said employees to get off the train, they were required to immediately and promptly get off from said train, so as to allow it to proceed on its trip; that the place where said train stopped to disembark said decedent and the other persons with whom he worked was on an embankment twelve feet high, and on the south side of decedent's train there was a

broad level — of fifteen feet width, and on the north side of said train was the slope of the embankment, so close to the train as to afford no convenient opportunity to get off there; that the only convenient, and the usual place for said decedent and his fellow-workmen to get off from said train was on the south side of said train, and was a safe place except when the east bound train on the other track might be passing decedent's train while decedent and the other hands were disembarking, and while said other train was passing it was a dangerous place for said employees to disembark; that the time of starting said east and west bound trains from Jeffersonville was fixed by the defendant, and the defendant had negligently and carelessly failed and neglected to make any rules or regulations for the movement of said east bound train that required the employees running that train to check its speed while passing said west bound train, or that required said crew of hands, or any of them on the east bound train, to signal and give warning of their approach, by ringing the bell or sounding the whistle, but, on the contrary, required said train to run eastward at a rate of thirty-five miles per hour when passing from New Albany to Jeffersonville; that, on the morning of the day last aforesaid, said decedent and his fellow-workmen were conveyed on said defendant's said passenger train to their place of work, and stopped about one hundred yards beyond their tool chest, and decedent immediately proceeded to get off from said train, and was at the door of the car he had been riding in when his train came to a full stop, and went out on the steps of said car to disembark on the south side, and looked to see if there was any approaching train; that the steam and the smoke from the engine belonging to his train settled immediately down on the ground so thick and heavy that he could not and did not see the train approaching from the west, and the steam was escaping from the engine attached to the defendant's train, and made so much noise that decedent could not, and did not, hear the coming train, al-

though he listened for it ; that said decedent looked and listened for said coming train as aforesaid to ascertain if it was safe for him to get off on that side, or at that time, but that in consequence of said smoke and steam, and having heard no signal or noise from said train coming from the west that indicated its coming, and not having been warned of its approach, he was led to believe that it was safe and proper for him to get off on said south side of the train and proceed across said track to his tool chest ; that, under said belief, induced by the acts and omissions of the defendant aforesaid, he stepped from said car he had been riding in onto the ground, and proceeded not more than six feet from the steps of said car, along the side thereof, when said train made its appearance through said smoke and steam, and was then running at the rate of thirty-five miles per hour, and struck and killed him. And plaintiff avers that decedent was without fault or negligence in all said matters, and acted with prudence and with care in all said transactions ; that the death of said decedent was caused by the wrongful acts and omissions of the defendant herein above stated," etc.

The demurrer to this paragraph of complaint was upon the ground that it did not state facts sufficient to constitute a cause of action.

To make it good it should contain averments of fact showing that the death of the decedent was caused by the actionable negligence of the appellee, and that, the decedent was himself guilty of no negligence which contributed to his death. The conclusion we have reached on the latter question renders it unnecessary for us to consider whether or not actionable negligence on the part of the appellee is shown. The complaint contains the general averment that the decedent " was without fault, or negligence in all said matter, and acted with prudence, and with care in all said transactions." This is sufficient, unless specific averments of fact in the complaint are sufficient to overcome it, and show that he was, notwithstanding, guilty of contributory negligence.

*City of Ft. Wayne,* v. *Dewitt,* 47 Ind. 391 ; *Toledo., etc., R. W. Co.* v. *Brannagan,* 75 Ind. 490 ; *Jeffersonville, etc., R. W. Co.* v. *Goldsmith,* 47 Ind. 43 ; *Town of Salem* v. *Goller,* 76 Ind. 291 ; *Murphy* v. *City of Indianapolis,* 83 Ind. 76 ; *Pittsburgh, etc., R. W. Co.* v. *Wright,* 80 Ind. 182 ; *Board, etc.,* v. *Legg,* 93 Ind. 523 ; *Ohio, etc., R. W. Co.* v. *Walker,* 113 Ind. 196 ; *City of Wabash* v. *Carver,* 129 Ind. 552.

It is well settled, however, that the general averment of freedom from fault will be overcome, if the facts specially pleaded show that the injured party was guilty of negligence which contributed to his injury.

It is not averred that the decedent was ignorant of the manner in which, and times when, trains were run at the point where he was killed. Indeed, the averments of the complaint, coupled with the inferences which we are authorized to draw from the facts pleaded, are sufficient to charge him with full notice on that subject. He was working for the appellee on a bridge at that particular point, where he could not fail to have his attention drawn to all trains passing over the road during working hours, as they would, of necessity, pass over the bridge. He would, also, in the same manner, become familiar with the speed at which they were run. The complaint shows that every morning and evening he was conveyed to and from his work on one of the trains. It does not need the express averments of the complaint to inform us that while two trains were passing each other it was a dangerous place to disembark. He knew that the train that killed him was due, or might be expected at that time, for it is averred that he " looked and listened *for said coming train,* as aforesaid, to ascertain if it was safe for him to get off on that side, or at that time." As he looked and listened his senses must have warned him that it was unsafe, for the complaint informs us that the escaping steam and smoke from the engine on his own train, settling around him, rendered sight unavailing, while the noise of escaping steam from the same source made it impossible to hear the sound of

an approaching train. He knew, therefore, as he stepped off the train, that he was deliberately stepping into danger to avoid the inconvenient, but safe landing on the other side. He erred as to the imminence of the danger, and the error cost him his life. In our opinion the facts specially pleaded entirely overcome the general averments of freedom from fault, and show, if they are true, that the decedent's death, whether partially due to negligence on the part of the appellee or not, was certainly, in some measure, due to his own negligence. A person is bound to use the senses, and exercise the reasoning faculties with which nature has endowed him. If he fails to do so, and is injured in consequence, neither he, in life, nor his representatives after his death, can recover for resulting injuries. *City of Plymouth* v. *Milner*, 117 Ind. 324; *Lake Shore, etc., R. W. Co.* v. *Pinchin*, 112 Ind. 592; *Brazil Block Coal Co.* v. *Hoodlet*, 129 Ind. 327.

Of the other error argued we will only say, in addition to what we have already said, that we have examined the question, and its consideration would not permit us to reach any different result if it was, in fact, properly before us.

Judgment affirmed, with costs.

Filed Jan. 28, 1892.