Day *v.* Cleveland, Columbus, Cincinnati and St. Louis Railway Co.

Filed Mar. 15, 1894.

———————◆———————

No. 16,537.

DAY *v.* CLEVELAND, COLUMBUS, CINCINNATI AND ST. LOUIS RAILWAY COMPANY.

MASTER AND SERVANT.—*Railroad.*—*Injured Employe.*—*Recovery.*—*Instruction to Find for Defendant.*—Where a railroad employe, a car repairer and carpenter, in helping to move a car upon the track, took a position at the draw-bar, under a running board, one end of which rested on the car which was being moved and the other end on another car, one end of which, when the car had been moved far enough, fell on the employe, injuring him, the employe being ignorant of the fact that such board had not been removed, but which he could easily have seen if he had looked, the danger being as obvious to the employe as to the employer,—the employe can not recover; and, in such case, it is the duty of the trial court to instruct the jury to find for the defendant, the employer.

From the Marion Superior Court.

*S. E. Urmston* and *H. Warrum,* for appellant.

*B. K. Elliott, J. T. Dye, E. Woollen* and *W. F. Elliott,* for appellee.

McCabe, J.—This action was instituted by the appellant against the appellee, to recover $6,000 damages which he alleges he sustained in and by an alleged personal injury inflicted on him through the negligence of the appellee and without the fault of appellant.

There was a jury trial at the special term; verdict for appellee, whereon judgment followed over a motion for a new trial. On appeal, the general term affirmed the judment of the special term.

It is assigned for error in this court that the general term erred in affirming the judgment of the special term.

The error complained of in the general term, and in this court, is that the special term erred in directing the jury, after they had heard all the evidence, to find for the appellee.

The undisputed evidence shows that appellee has and maintains shops at Brightwood, in which it repairs and paints its cars; that this work is done by carpenters and painters; that the appellant was one of the carpenters in appellee's employ; and that the cars were repaired and painted while standing on repair tracks in said shops; that in painting it often became necessary to move the cars the better to get at certain parts thereof by the painters; that when such removals were made, it was done by the painters and carpenters pushing them on the repair tracks. It was usual and customary when the painters wanted a car so moved, to hollow out "push," and the carpenters generally went to their assistance and helped push the car on the track. The appellant had been in such employ for about a year and a half.

On the day of the appellant's injury, two cars were standing on the repair track, and what was called a running board rested with each end thereof on the top of one of said cars. This board was used for carpenters

and tinners to pass over on from the top of one car to the other.

All of the said employes in the shops were under the control of the appellee's foreman. The painters, on said day, called out for help to push one of these cars a little to enable them to prosecute their painting. Appellant did not respond at the first call, and, on a subsequent call, the foreman motioned his head at appellant, which he construed to mean an order for him to help push the car, one of the two mentioned.

Quite a number of the employes of the appellee responded and helped push the car. Neither appellee nor the foreman was aware that the board had not been removed from the tops of said cars, it being a thick, heavy piece of lumber twenty inches or two feet wide, an inch thick, and eight or nine feet long. The appellant was ignorant that the running board had not been removed or secured. The appellant could easily have seen it if he had looked, and, in his testimony, gives as the only reason for not looking, that he supposed it was not his duty to look, but that it was the duty of somebody else to look out for his safety.

He took a position at the draw-bar, immediately under the running board, and, in common with the other employes, began pushing the car, and as soon as it was moved enough to pull one end of the board off one of the cars it fell on the appellant, and inflicted the injury complained of.

None of the other employes was hurt, appellant being the only one struck by the falling board.

In a case where the servant is one of mature age and experience, as in this case, the law never imposes the duty on the master of becoming eyes and ears for his servant, where there is nothing to prevent the servant from using his own eyes and ears to avoid danger.

In this case there was nothing to prevent appellant, as such servant, from seeing the danger to which he was exposing himself; and there could be no possible question in the mind of any rational being who took the precaution to look, that it was not only a danger, but that appellant's act must inevitably result in his injury.

We need not stop to inquire whether the foreman's act was the act of the principal, and binding on the appellee, nor whether appellant rightly interpreted the motion of the foreman's head to mean an order to him to engage in helping to push the car, nor whether such order, if given, amounted to an order to appellant, as a servant, to engage in a different and more hazardous service than that for which he had been employed.

Such an order did not imply that the work was to be so done as to endanger any one. Rather, such an order would imply that the work was to be done in a careful and prudent manner. Had it been so done, no harm could have resulted to any one. Had prudence and care been observed, either the board would have been shoved over onto one or the other of the cars before attempting to move one of them, or the appellant would have done as the other employes did, taken a position at the car to be pushed that would not expose him to the danger of the board falling on him.

The only reason he assigns in his testimony for not exercising either of these precautions is that he did not look, and that he did not think it was his duty to look; that it was somebody else's duty to look out for his safety. He admits these precautionary measures might have been taken by him, and if so taken no harm could have come to him.

This is not a case where the master had furnished an unsafe place, machinery, or appliances with or in which

he required his servant to work, nor is it a case where the danger was known to the master and unknown to the servant, but is a case wherein the place and appliances were all safe and suitable if the servant would only use his senses with ordinary prudence and care. He had the same opportunity of knowing of the danger that his master had. And in such a case it has been held that the injured servant must, in order to recover, aver and prove that he did not have the means of knowing equally well with the master, of the danger and of the means of avoiding it. *Indiana, etc., R. W. Co.* v. *Dailey*, 110 Ind. 75.

In *Griffin* v. *Ohio, etc., R. W. Co.*, 124 Ind. 326, p. 328, it was said by this court that "where the danger is alike open to the observation of all, both the master and servant are upon an equality, and the master is not liable for an injury resulting from the dangers of the business." To the same effect is *Vincennes Water, etc., Co.* v. *White*, 124 Ind. 376.

The law requires that men shall use the senses with which nature has endowed them, and when without excuse one fails to do so, he alone must suffer the consequences, and he is not excused where he fails to discover the danger if he made no attempt to employ the faculties nature has given him. *Brazil, etc., Co.* v. *Hoodlet*, 129 Ind. 327; *Lake Shore, etc., R. W. Co.* v. *Pinchin*, 112 Ind. 592; *City of Plymouth* v. *Milner*, 117 Ind. 324; *Stewart, Admx.,* v. *Pennsylvania Co.*, 130 Ind. 242; *Pennsylvania Co.* v. *Meyers, Admx.*, 136 Ind. 242.

Therefore, on the appellant's own testimony, and all the other evidence tending to support it, and giving it a construction the most favorable to appellant, he can not recover. In such a case it is the duty of the trial court to instruct the jury to find for the defendant. *Purcell* v. *English*, 86 Ind. 34; *Washer* v. *Allensville, etc., Co.*, 81

Ind. 78; *Dodge* v. *Gaylord*, 53 Ind. 365; *Wabash R. W. Co.* v. *Williamson*, 104 Ind. 154; *Vance* v. *Vance*, 74 Ind. 370; *Faris* v. *Hoberg*, 134 Ind. 269; *Ohio, etc., R. W. Co.* v. *Dunn*, 36 N. E. Rep. 702.

We, therefore, hold that the special term properly instructed the jury to find for the defendant, and that the general term did not err in affirming the judgment of the special term.

The judgment of the general term is affirmed.

Filed March 13, 1894.