RUTH A. BEAVER *vs.* PHILIP M. COSTIN.

Essex.    March 7, 1967. — June 7, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ

*Negligence,* Rotary mower.    *Proximate Cause.*

At the trial of an action for injuries sustained by the plaintiff, while sitting on the right hand side of an automobile being driven along a street, when she was struck in the face by an object propelled through the open window to her right, evidence warranted a finding of negligence on the part of the operator of a rotary power mower cutting grass to the right of the street who was aware that the mower threw rocks and debris to its left into the street, and a finding that such negligence was the proximate cause of the plaintiff's injuries even though the object which struck the plaintiff was never found or identified.

Tort. Writ in the Superior Court dated January 19, 1962.

The action was tried before *DeSaulnier, J.*

*Philip D. Epstein (Solomon M. Feldman* with him) for the plaintiff.

*William E. Carey,* for the defendant, submitted a brief.

Reardon, J. This is an action of tort to recover damages for personal injuries and comes here on the plaintiff's exceptions to the direction of a verdict for the defendant and the exclusion of certain testimony.

The evidence most favorable to the plaintiff is summarized as follows. On September 1, 1961, while seated on the right hand side of an automobile driven by one Grant, the plaintiff was struck on the right side of the face and sustained a laceration, a "dirt wound," which required ten stitches to close following irrigation and debridement at a hospital. The object or objects which caused the injury had been propelled through the open window to the plaintiff's right. Immediately prior to this occurrence, Grant had driven the car over a railroad bridge in Swampscott when he noticed the defendant operating a rotary type power mower "on the right hand side of the road about twenty feet off the bridge" and somewhat downhill. He saw debris in the form of dirt and rocks in the process of being ejected from the left side of the mower which was headed in the same direction as his automobile. The narrowness of the road and a blind curve required that he stay well to his right of the highway in the interest of safety. As he passed the mower at a distance of six feet, the plaintiff and he heard a series of impacts of objects against the side of the car. It was at this point that the plaintiff was struck. Following the accident Grant observed four or five chip marks on the side of the car which had not been there previously. These marks extended to the upper part of the right door, about two inches below the window. The defendant, who was, save for a coworker, the only person on foot in the vicinity, was aware that the mower he operated ejected cut grass four or five feet from the machine and heavier objects a further distance. The defendant had

noted prior to the accident that the machine was throwing grass onto the street. A sand and gravel truck carrying loads of crushed rock frequently passed along the street and occasionally dropped rocks onto the roadway in negotiating the curve.

To entitle the plaintiff to go to the jury there must be sufficient evidence (1) to warrant a finding of negligence on the defendant's part, and (2) to warrant a finding that there was a causal connection between such negligence, if found, and the plaintiff's injuries. *Berardi* v. *Menicks*, 340 Mass. 396, 399.

1. Upon the foregoing recitation there was evidence from which the jury could find negligence on the part of the defendant. "Negligence . . . in its ordinary sense, is the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances." *Altman* v. *Aronson*, 231 Mass. 588, 591. *Carroll* v. *Bouley*, 338 Mass. 625, 627. See Harper and James, § 16.9, at 928–936. Only where no view of the evidence could warrant a jury in finding the defendant negligent can it be held as a matter of law that the plaintiff cannot recover. *Luz* v. *Stop & Shop, Inc. of Peabody*, 348 Mass. 198, 203–204. The jury would have been warranted in finding that the defendant should have foreseen that the operation of the power mower in a manner which allowed rocks and other debris to be thrown into the road traveled by others created an unreasonable risk of harm. *Motter* v. *Snell*, 250 Iowa, 1247.

The defendant testified to his awareness of the risk created in operating the mower in such a manner. He stated that when he began mowing that morning the grass was ejected into the street. However, he claimed that he reversed the direction of the mower thereby causing the product of the mower to be thrown to the side away from the road. His testimony raises the inference that mowing in the direction which caused grass and other objects to be thrown into the road was negligent. It is for the jury to

determine in which direction the mower was being operated when the accident occurred. If the jury found that rocks and other debris were hurled from the left side of the mower into the street it could not be said that injury resulting therefrom was either a remote or an unusual occurrence. Cf. *Sylvester* v. *Shea,* 280 Mass. 508, 510; *Lydon* v. *Warehouse 13, Inc.* 335 Mass. 729, 732; *Peacock* v. *Ambassade Realty Corp.* 336 Mass. 115, 118; *Lindberg* v. *Gilbert,* 346 Mass. 762. Rather, the defendant was bound to exercise reasonable diligence to anticipate and provide against what was likely to happen. *Falk* v. *Finkelman,* 268 Mass. 524, 527, and cases cited.

2. We think also that there was evidence sufficient to warrant a finding that a causal connection existed between the defendant's negligence, if found, and the plaintiff's injuries. Grant testified that rocks and debris from the mower were being deposited on the street, and both he and the plaintiff testified that they heard rocks strike the car as they passed the place where the mower was being operated. At the same time the plaintiff screamed that she had been struck by an object propelled through the open window of the automobile. This short space of time makes any other explanation of how the injury occurred highly improbable. *Altman* v. *Barron's, Inc.* 343 Mass. 43, 48. See *Brady* v. *Great Atl. & Pac. Tea Co.* 336 Mass. 386, 389. Although the object which struck the plaintiff was never found or identified, there is no evidence that the object was propelled from another source. The plaintiff is not required to point out the exact way in which the accident occurred as long as she showed a greater likelihood that her injury came from an act of neglect for which the defendant was responsible. *Conley* v. *Morash,* 307 Mass. 430, 432–433, and cases cited. *DiRoberto* v. *Lagasse,* 336 Mass. 309, 311–312. See *Navien* v. *Cohen,* 268 Mass. 427, 431–432.

It is unnecessary to consider the plaintiff's exception to the exclusion of evidence.

*Exceptions sustained.*