ROBERT FICHTNER & another *vs.* JOSEPH SCHNEIDER, trustee, & others.

Suffolk.    May 5, 1972. — July 25, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, & HENNESSEY, JJ.

*Practice, Civil,* Opening to jury, Ordering verdict. *Negligence,* Control of instrumentality, Concrete block.

Statement as to ordering a verdict for the defendant on the plaintiff's opening to the jury in an action. [396]

Enough appeared in the plaintiff's opening to the jury in an action for injury to the plaintiff's hand when a concrete block fell upon it from the top of a wall under construction to show that a defendant engaged to do masonry work and a defendant hired to do the carpentry work both had control of the concrete block, that it had been improperly and precariously placed on top of the uncompleted wall, and that such defendants were negligent. [396–397]

In an action for injury to the plaintiff's hand when a concrete block fell upon it from the top of a wall under construction at the rear of a building, ordering of verdicts for the owner of the building and a tenant thereof, defendants, on the plaintiff's opening to the jury was not justified on the asserted ground that even if other defendants, hired to do the masonry and the carpentry, were negligent with respect to the concrete block, they were independent contractors where the opening made no reference to the status of the later defendants; their status should be determined at trial in the circumstances. [397]

TORT. Writ in the Superior Court dated August 15, 1966.

The action was tried before *Thompson, J.*

*Charles J. Wilkins* for the plaintiffs.

*Philander S. Ratzkoff* for Fred Vittiglio.

*William H. Shaughnessy* for Burbank Services, Inc.

*John L. Lyman* for L. E. Muran Co.

*Ralph E. Gott* for Joseph Schneider.

REARDON, J.  In this action of tort the minor plaintiff and his father seek recovery for injuries and consequential damages as a result of an accident in which the minor plaintiff alleges he was injured while on a public way due to the negligence of the defendants.  The declaration contains eight counts, one against each of the four defendants alleging negligence, and one count against each defendant for consequential damages.  At the conclusion of the plaintiffs' opening in the Superior Court trial, the judge allowed a motion for a directed verdict on each count.  The plaintiffs excepted.

The plaintiffs' attorney stated in the opening that on April 10, 1966, the minor plaintiff, then thirteen years of age, was playing with a friend on a public way, which street becomes a dead-end street at the point where it joins the building involved in this case.  The building has a frontage on a different street.  At the time of the accident the rear of the building was undergoing construction.  A cement block wall was being erected from a platform three or four feet high.  On top of the wall some of the blocks had apertures to receive two by four inch boards to be placed across the top of the blocks in connection with the roofing of the structure.  The minor plaintiff was playing ball twenty to twenty-five feet from the building when the ball apparently rolled to within five or six feet of it.  He proceeded to retrieve the ball, and as he picked it up heard someone yell, "Watch him."  He turned around and in so turning slipped and "put his hand down," at which time "a two by four came down and went beside him, and at the same time a concrete block came down and hit him on the hand."  He received serious injuries to the hand.  A short time later his father arrived at the scene and saw the board and concrete block on which there was no cement or other binding.  The building was owned by the defendant Schneider who rented it to the defendant L. E. Muran Company.  The Muran Company hired the defendant Burbank

Services, Inc., to do the necessary carpentry, and the defendant Fred Vittiglio to do the masonry.

In ruling on the motions for directed verdicts on the opening, the judge must take all statements contained therein as true and in the light most favorable to the plaintiff, and if on a reasonable view of the facts and rational inferences therefrom it "can be deemed sufficient to support the plaintiff's cause of action, the motion must be denied." *Matranga* v. *West End Tile Co. Inc.* 357 Mass. 194, 196, and cases cited. *Beaumont* v. *Segal,* *ante,* 30–31. The motions for directed verdicts should have been denied. While the opening does not detail direct evidence on the circumstances of the accident, it suggests that there was evidence sufficient to take the case out of the "realm of guesswork." *Mabardy* v. *Campo,* 344 Mass. 459, 462. The opening stated the facts from which the jury could infer that the concrete block was improperly and precariously placed on the top of an uncompleted wall. See *Melvin* v. *Pennsylvania Steel Co.* 180 Mass. 196; *Green* v. *Carigianis,* 217 Mass. 1; *Couris* v. *Casco Amusement Corp.* 333 Mass. 740. The plaintiffs are under no obligation to describe the details of the defendants' negligence, it being enough if facts are alleged from which negligence might properly be inferred. *Mabardy* v. *Campo, supra,* 462. Conceding the possibility that the actual fall of the block may have been due to the conduct of someone other than the defendants, it still could have been found that the negligence of the defendants was an effective contributing cause of the accident. But see *Kimball* v. *George A. Fuller Co.* 258 Mass. 232.

Since the action was brought against two contractors there is no contention that either of them had exclusive control over the agency or instrumentality involved in the accident. Such a contention has been said to be required in a case such as this. See Prosser, Torts (4th ed.) § 39, p. 214. Either of the contractors could have been responsible for the fall of the block, the defendant Vittiglio because he left it unsecured on top of the wall, or the defendant Burbank Services, Inc., because it placed

a cement block on a loose plank on top of the wall. Both of them could have been said to be in control of the instrument involved in the accident. See *Ozark* v. *Wichita Manor, Inc.* 252 F. 2d 671, 675–676; *Biondini* v. *Amship Corp.* 81 Cal. App. 2d 751; *Worden* v. *Union Gas Sys. Inc.* 182 Kans. 686; *Meny* v. *Carlson,* 6 N. J. 82; *Schroeder* v. *City & County Sav. Bank,* 293 N. Y. 370. We thus think it was error to grant the motions of the defendants Vittiglio and Burbank Services, Inc., for directed verdicts.

The opening contained only a meager assertion of facts tending to show control in any of the defendants. In the particular circumstances here, where all defendants denied control and the proof of control would probably come from the defendants and their employees called to the witness stand by the plaintiffs' counsel, verdicts should not have been directed on the issue of control. The argument of the defendants Schneider and L. E. Muran Company is that even if negligence could be inferred against the mason and the carpenter they were independent contractors whose negligence should not be attributed to the landlord or lessee. The plaintiffs in their opening, however, made no concession that Burbank Services, Inc., and Vittiglio were independent contractors. There is no reference to their status in that opening. We do not view silence on the issue as proof of the defendants' contention. "[T]he power to direct a verdict on the opening should be exercised with caution. . . . 'Cases should be decided upon sworn evidence rather than upon an anticipatory statement of counsel which might bear little resemblance to the available evidence. . . .' " *Costello* v. *Hansen,* 327 Mass. 264, 265. In the particular circumstances of this case, where all the defendants had denied control, the status of the defendants Vittiglio and Burbank Services, Inc., upon which the liability of the defendants Schneider and L. E. Muran Company may depend can safely be left to be determined at trial.

*Exceptions sustained.*