**Kenny EMBRY, Appellant,**

v.

**James HENDERSON et al., Appellees.**

Court of Appeals of Kentucky.

June 28, 1974.

Richard H. Nash, Sr., Louisville, for appellant.

Roger M. Prizant, Alfred S. Fazio, Louisville, for appellees.

J. T. HATCHER, Special Commissioner.

Plaintiff-appellant, Kenny Embry, was injured when a screwdriver was thrown from a rotary-type lawn mower operated by defendant-appellee, James Henderson, while Henderson was mowing the lawn of property owned by defendant-appellee, James F. Miller, which was at that time occupied by his tenant, defendant-appellee, Dave Morganson. Embry, a twenty-three-year-old man, lived next door to Morganson and had been in the process of mowing his own lawn with the same type of lawn mower. Henderson, a boy of fourteen years of age, was employed by Morganson to mow his lawn. On this day, Embry had left a minor child at the Morganson home and was on his way from his home to the Morganson home to pick up the child. As he traversed the lawn where Henderson was mowing, he walked within approximately eight feet of Henderson's mower and a screwdriver was propelled from the mower into Embry's side injuring him. Henderson had made an inspection of the yard prior to mowing it and had picked up any paper or debris that was visible. There was no evidence that the screwdriver was visible prior to it being thrown by the mower, nor is there any evidence of other objects having been thrown by the mower previously, nor is there any evidence of where the screwdriver came from or any knowledge by anyone that it was in the grass on the yard previously.

Negligence of Henderson, Morganson and Miller was alleged in general terms followed by a denial and plea of contributory negligence by each of the defendants. Neither Morganson or Miller appeared at the trial of the case. The case was tried before a jury who returned a verdict for Embry for the amount of his special damages. The trial court sustained a motion for judgment n. o. v., dismissing the complaint and entering judgment for the defendants on the theory that the plaintiff had failed to show any actionable negligence on the part of the defendants.

The case appears to be one of first impression in Kentucky on injuries caused by objects being propelled by a rotary-type lawn mower. However, a search of cases in other jurisdictions reveals three reasonably similar cases. In Motter v. Snell, 250 Iowa 1247, 95 N.W.2d 735 (1959), the Iowa Supreme Court, by an evenly divided vote, affirmed a lower court judgment for plaintiff who was injured by an object being propelled from a lawn mower. In that case there was evidence of parts of brick and other debris in the yard with which the defendant was charged with knowledge.

In Beaver v. Costin, 352 Mass. 624, 227 N.E.2d 344 (1967), the Supreme Court of

Massachusetts reversed a trial court that had directed a verdict for the defendant where a rotary-type mower had thrown an object into the side of a car and injured the plaintiff. However, in that case there was evidence that the operator of the mower had actual knowledge that the mower was throwing rocks and other debris from the side of the mower towards the road where the car was traveling.

One of the more recent cases is that of Stayton v. Funkhouser, Ind.App., 263 N.E. 2d 764 (1970), in which the appellate court of Indiana sustained a directed verdict for the defendant in a case with facts very similar to the instant case in which a plaintiff was injured by an object thrown from a rotary-type lawn mower from the yard of his neighbor while the defendant was mowing his lawn. In that case there was no evidence of knowledge, actual or constructive, that the defendant had of any objects in his yard that might be propelled by the mower.

The facts in the instant case are substantially identical with the facts in the Stayton case and the ruling there is in substantial compliance with the theory of negligence of the Kentucky law.

The theory of res ipsa loquitur is advanced in the instant case and the case of Department of Highways v. Burchett, Ky., 419 S.W.2d 577, is cited in support thereof. There a truck wrecked a bridge because of a blowout on a tire. This court authorized the submission of that action to a jury, but in that case there was evidence of failure of the defendant to inspect his tires and the use of second-hand tires.

■ In the instant case, any inference of negligence was rebutted by evidence of an ordinary inspection of the yard prior to mowing which is all that is required of an ordinarily prudent person, particularly where there is no evidence of rocks, debris or other unusual condition of the lawn that would make it dangerous.

For the foregoing reasons, this court is of the opinion that the judgment of the trial court in sustaining the motion for judgment n. o. v. for the defendants ought to be and the same is affirmed.

All concur.