AUGUSTO LAMEIRAS & another[1] *vs.* RICHARD COREY. December 10, 1981. The plaintiffs Augusto and Margaret Lameiras, husband and wife, commenced an action in negligence against the defendant, a cobbler, alleging that the defendant failed to use a reasonable degree of care in per-

---

[1] Margaret M. Lameiras.

forming orthopedic modifications of Mrs. Lameiras's shoes. After trial, the jury rendered verdicts for the plaintiffs, awarding Mrs. Lameiras damages for personal injuries she sustained in a fall which occurred while she was wearing the specially modified shoes, as well as consequential damages to her husband. The defendant's motion for judgment notwithstanding the verdict was allowed by the trial judge. The plaintiffs appeal, claiming that the judge erred in allowing the defendant's motion. We reverse.

A motion for judgment notwithstanding the verdict "must be denied if 'anywhere in the entire evidence [there is] any set of circumstances that will support a reasonable inference in favor of the plaintiff.'" *Lawrence v. Kamco, Inc.*, 8 Mass. App. Ct. 854, 855 (1979), quoting *Mazzaferro v. Dupuis*, 321 Mass. 718, 719 (1947). Viewed in the light most favorable to the plaintiffs, there was sufficient evidence from which the jury could have concluded that the defendant was negligent. Based on the testimony offered by the plaintiffs, the jury could reasonably have found the following: Mrs. Lameiras, a victim of polio, has difficulty walking and her shoes must be modified in such a way as to accept metal leg braces which she is required to wear. As agreed upon by the defendant and Mr. Lameiras, such modifications included the removal of the original heels from Mrs. Lameiras's shoes and their replacement with stronger, customized heels made entirely of leather. The defendant performed the required modifications for Mrs. Lameiras regularly over the course of several years. Mrs. Lameiras, wearing for the first time shoes which recently had been taken to the defendant for modification, attended a social function at which she fell on a flight of stairs when her right heel broke and separated from her shoe. Mr. Lameiras then noted that the broken heel was still the original one which came with the shoe rather than the customized heel which the defendant had agreed to fashion. Mrs. Lameiras fractured her right knee as a result of the fall.

Based on the evidence and their own common knowledge, the jury could reasonably have inferred that Mrs. Lameiras's injury resulted from the defendant's negligence. See *Zezuski v. Jenny Mfg. Co.*, 363 Mass. 324, 329 (1973). The question of negligence is ordinarily one of fact for the jury to decide. "Only when no rational view of the evidence warrants a finding that the defendant was negligent may the issue be taken from the jury." *Id.* at 327. *Luz v. Stop & Shop, Inc. of Peabody*, 348 Mass. 198, 203-204 (1964). *Beaver v. Costin*, 352 Mass. 624, 626 (1967). The plaintiffs here introduced sufficient evidence "to remove the cause from the realm of speculation, and give it a solid foundation upon facts." *Mucha v. Northeastern Crushed Stone Co.*, 307 Mass. 592, 596 (1940). See *Mabardy v. Campo*, 344 Mass. 459, 462 (1962). Compare *Knox v. Lamoureaux*, 338 Mass. 167, 169 (1958). They were not required "to point out the exact way in which the accident occurred as long as [they] showed a greater likelihood that her injury came from an act of neglect for which

the defendant was responsible." *Beaver* v. *Costin, supra* at 627. Because the plaintiffs were under no obligation to describe the details of the defendant's negligence, it was enough that evidence was presented from which negligence might properly be inferred. *Fichtner* v. *Schneider*, 362 Mass. 394, 396 (1972). Consequently, as it was error for the trial judge to have allowed the defendant's motion for judgment notwithstanding the verdict, that judgment is reversed and judgment is to enter on the verdict.

*So ordered.*

*Christopher C. Mathers* for the plaintiffs.
*John A. Derba, Jr.,* for the defendant.